| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-2(c) |
| Mark S. Lichtenstein<br>**CROWELL & MORING LLP**<br>590 Madison Avenue, 20th Floor<br>New York, NY 10022<br>Telephone: (212) 223-4000<br>Fax: (212) 223-4134<br>mlichtenstein@crowell.com<br><br>Proposed Counsel for Debtors and Debtors in Possession |

| | |
|---|---|
| In re:<br><br>NORTH COUNTRY BBQ VENTURES, INC.,<br><br>Debtor in possession. | Case No.: 09-44194<br><br>Hearing Date and Time:<br>December 22, 2009 at 2:00 p.m.<br><br>Judge: Honorable Morris Stern |

### ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE BANKRUPTCY CODE AUTHORIZING (I) SALE OF CERTAIN ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO A PURCHASE AGREEMENT AND (II) APPROVING THE ASSET PURCHASE AGREEMENT

The relief set forth on the following pages, numbered two (2) to fourteen (14), is hereby

**ORDERED.**

Page (2)
Debtor:         North Country BBQ Ventures, Inc. *et al.*
Case No.        09-44194 (MS)
Caption of Order: Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code Authorizing (I) Sale of Certain Assets of the Debtor Free and Clear of All Liens, Claims and Encumbrances Pursuant to a Purchase Agreement and (II) Approving the Asset Purchase Agreement

---

Upon consideration of the relief requested in Part II of the Debtors' amended verified application dated December 21, 2009 (the "Motion")[1], pursuant to sections 105, 363 and 365 of chapter 11, title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order (i) authorizing and approving a sale of the Assets free and clear of liens, claims and encumbrances upon the terms and conditions set forth in the Asset Purchase Agreement (the "APA"), annexed to this Order as Exhibit "A", between the Debtors, on the one hand, and _____ ("Buyer"), on the other hand, and (ii) authorizing and approving the assumption and assignment to Buyer of certain executory contracts and unexpired leases upon the terms and conditions set forth in the APA and the procedures established pursuant to the Procedures Order (hereinafter defined); and the Court having granted the relief requested in Part I of the Motion pursuant to that Order Approving Auction Procedures in Connection with the Debtors' Application for (I) Authority to Sell all or Substantially All of its Assets, (II) Authority to Assume and Assign Executory Contracts and Unexpired Leases, and (III) Approval of the Auction Procedures Related Thereto, dated December __, 2009 (the "Procedures Order"); and, in accordance with the Procedures Order, the Debtors having conducted the Auction on _____, 2010, and it appearing that Buyer's bid represented the highest or otherwise best offer received by the Debtors for the Assets to be sold; and the Court having considered the relief requested in Part II of the Motion and opposition to Part II of the Motion, if any; and the Court having further considered the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion or APA, as applicable.

Page (3)
Debtor: North Country BBQ Ventures, Inc. *et al.*
Case No. 09-44194 (MS)
Caption of Order: Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code Authorizing (I) Sale of Certain Assets of the Debtor Free and Clear of All Liens, Claims and Encumbrances Pursuant to a Purchase Agreement and (II) Approving the Asset Purchase Agreement

---

arguments of counsel on the Motion, if any, at the Sale Hearing held on _____; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (c) notice of the Motion and proposed form of order was served on the requisite parties entitled to Notice; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor;

THE COURT HEREBY FINDS AND DETERMINES that:[2]

A.   The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A), (N) and (O). Venue of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.   As evidenced by the certificates of service and affidavits of publication filed with the Court and based on the representations of counsel at the Sale Hearing: (i) proper, timely, adequate and sufficient notice of the Motion and the Sale Hearing has been provided in accordance with sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9007 and 9014 and the Procedures Order; (ii) such notice was good, sufficient and appropriate under the particular circumstances; and (iii) no other or further notice of the Motion, the Sale Hearing or the entry of this Order shall be required.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

Page (4)
Debtor:         North Country BBQ Ventures, Inc. *et al.*
Case No.        09-44194 (MS)
Caption of Order: Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code Authorizing (I) Sale of Certain Assets of the Debtor Free and Clear of All Liens, Claims and Encumbrances Pursuant to a Purchase Agreement and (II) Approving the Asset Purchase Agreement

---

C.  As demonstrated by (i) the testimony and/or other evidence proffered or adduced at the Sale Hearing, (ii) the representations of counsel made on the record at the Sale Hearing, and (iii) the record of this case and all prior proceedings in this case held before the Court, the Debtors have marketed the Assets and conducted the sale process in compliance with the Bidding Procedures Order.

D.  Buyer's bid for the purchase of the Assets, as memorialized in the APA, is the highest or otherwise best offer received for the Assets to be sold. The purchase price to be paid by Buyer pursuant to the APA is fair and constitutes reasonably equivalent value for the Assets, as determined by the auction process.

E.  Buyer is a purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, with respect to the Assets. The APA was negotiated, proposed and entered into by the parties in good faith, from arms'-length bargaining positions and without collusion and, therefore, Buyer is entitled to the protections of section 363(m) of the Bankruptcy Code with respect to the Assets. Neither the Debtors nor Buyer have engaged in any conduct that would cause or permit the APA to be voided, or for the imposition of costs and damages, under section 363(n) of the Bankruptcy Code.

F.  The Debtor has articulated sound business reasons for consummating the APA and for selling the Assets outside a plan of reorganization, and it is a reasonable exercise of the Debtors' business judgment to consummate the transactions contemplated by the APA.

Page (5)
Debtor:            North Country BBQ Ventures, Inc. *et al.*
Case No.           09-44194 (MS)
Caption of Order:  Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code Authorizing (I) Sale of Certain Assets of the Debtor Free and Clear of All Liens, Claims and Encumbrances Pursuant to a Purchase Agreement and (II) Approving the Asset Purchase Agreement

---

G.    The Debtors may sell the Assets to Buyer free and clear of all Liens and Claims (hereinafter defined collectively) in accordance with, and to the extent permitted by, section 363(f) of the Bankruptcy Code and except as set forth in the APA. As a condition of purchasing the Assets, Buyer requires that the Assets be sold free and clear of all Liens and Claims, except those explicitly and expressly assumed by Buyer in the APA. Except as otherwise set forth in the APA, the transfer of the Assets to Buyer does not and will not subject Buyer to any liability whatsoever with respect to the operation of the Debtors' business and/or the ownership of the Assets prior to the Closing.

H.    The Debtors are the sole and lawful owner of the Assets. Accordingly, the transfer of the Assets to Buyer is or will be a legal, valid and effective transfer of the Assets, and will vest Buyer with all right, title and interest in and to the Assets, free and clear of all Liens and Claims pursuant to, and to the fullest extent permitted by, section 363(f) of the Bankruptcy Code and all other applicable laws, except with respect to those explicitly and expressly assumed by Buyer in the APA.

I.    The Debtors' pre and post-petition secured lender, Wells Fargo Bank, N.A. as agent for certain lenders (the "Lenders"), consents to the sale of the Assets on the terms and conditions set forth herein. Non-debtor parties holding valid Liens or Claims in or with respect to the Assets who did not object, or who withdraw their objections, to the Motion are deemed to have consented to the sale of the Assets free and clear of their Liens or Claims in or with respect to the Assets pursuant to section 363(f)(2) of the Bankruptcy Code.

Page (6)
Debtor: North Country BBQ Ventures, Inc. *et al.*
Case No. 09-44194 (MS)
Caption of Order: Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code Authorizing (I) Sale of Certain Assets of the Debtor Free and Clear of All Liens, Claims and Encumbrances Pursuant to a Purchase Agreement and (II) Approving the Asset Purchase Agreement

---

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. All objections to the Motion and the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included in such objections, are hereby overruled on the merits and denied.

2. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are hereby authorized to sell and transfer the Assets to Buyer pursuant to and in accordance with the terms and conditions of the APA and to take all other actions as are necessary to effectuate all of the terms thereof and to consummate the transactions contemplated therein, including, without limitation, such actions as are necessary to execute and deliver all documents referenced in and/or contemplated under the APA without any further authorization of the Court. Title to the Assets shall pass to Buyer at Closing pursuant to, and to the fullest extent permitted by, section 363(f) of the Bankruptcy Code and all other applicable laws, except with respect to those Liens and Claims explicitly and expressly assumed by Buyer in the APA, free and clear of any and all liens (including mechanics', materialmen's and other consensual and non-consensual liens and statutory liens), security interests, encumbrances and claims (including, but not limited to, any "claim" as defined in section 101(5) of the Bankruptcy Code), reclamation claims, mortgages, deeds of trust, pledges, covenants, restrictions, hypothecations, charges, indentures, loan agreements, instruments, contracts, leases, licenses, options, rights of first refusal, offsets, recoupment, rights of recovery, judgments, orders and decrees of any court or foreign or domestic governmental entity, claims for reimbursement, contribution, indemnity or exoneration,

Page (7)
Debtor: North Country BBQ Ventures, Inc. *et al.*
Case No. 09-44194 (MS)
Caption of Order: Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code Authorizing (I) Sale of Certain Assets of the Debtor Free and Clear of All Liens, Claims and Encumbrances Pursuant to a Purchase Agreement and (II) Approving the Asset Purchase Agreement

---

assignment, preferences, debts, charges, suits, rights of recovery, interests, products liability, alter-ego, environmental, successor liability, tax and other liabilities, causes of action and claims, and in each case whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, or known or unknown, whether arising prior to, on, or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "Liens and Claims"), with any Liens and Claims to attach only to the proceeds of sale with the same priority, validity, force and effect as they existed with respect to the Assets before the Closing Date.

3. Pursuant to section 365(b), (c) and (f) of the Bankruptcy Code, the Debtors are authorized to assume and assign the Assigned Contracts and Real Estate Leases (as such terms are defined in the APA and hereinafter referred to collectively as, the "Assigned Contracts") designated for assignment to Buyer pursuant to the APA, subject to the procedures established in the Procedures Order; provided, however, that there shall be no assumption of any such Assigned Contract absent simultaneous assignment thereof to Buyer.

4. On or as promptly after the Closing Date as practical, the Cure Amounts to which no objections have been filed shall be paid.

5. In accordance with the Procedures Order, a further hearing shall be held on _____, 2010 at __ a.m. to consider any unresolved objections to the Cure Amounts set

Page (8)
Debtor: North Country BBQ Ventures, Inc. *et al.*
Case No. 09-44194 (MS)
Caption of Order: Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code Authorizing (I) Sale of Certain Assets of the Debtor Free and Clear of All Liens, Claims and Encumbrances Pursuant to a Purchase Agreement and (II) Approving the Asset Purchase Agreement

---

forth in the Executory Contract Exhibit pursuant to section 365 of the Bankruptcy Code. With respect to Cure Amounts to which objections have been raised and not resolved, such Cure Amounts shall be paid by Buyer within ten (10) business days after entry of a final, non-appealable Order allowing the Cure Amounts. Pending a determination by either agreement or final, non-appealable Order regarding any disputed Cure Amount in connection with the assumption and assignment of the Assigned Contracts, an amount sufficient to satisfy such disputed Cure Amount will be set aside in escrow for the benefit of any non-debtor to an Assigned Contract asserting a disputed Cure Amount. Such amount to be set aside shall be based upon either a reasonable agreement between the Debtors, Buyer and non-debtor party concerning the disputed Cure Amount or, in the event the Debtors, Buyer and the non-debtor party cannot reach a reasonable agreement as to such amount, such other amount as may be determined by the Court as sufficient to satisfy such disputed amount.

6.   The Buyer shall have the right until ten (10) days before the Closing Date, or at such later time as mutually agreed upon between the Debtors, Buyer and applicable non-debtor party, to amend the list of Assigned Contracts designated for assumption and assignment under the APA (a) to designate any such executory contract or unexpired lease for assumption and assignment to Buyer that, as of such date, has not been designated as an Assigned Contract and has not been rejected by the Debtors or otherwise terminated, and (b) to remove any such executory contract or unexpired lease from the list of Assigned Contracts, including, without

Page (9)
Debtor: North Country BBQ Ventures, Inc. *et al.*
Case No. 09-44194 (MS)
Caption of Order: Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code Authorizing (I) Sale of Certain Assets of the Debtor Free and Clear of All Liens, Claims and Encumbrances Pursuant to a Purchase Agreement and (II) Approving the Asset Purchase Agreement

---

limitation, in such instances where the parties cannot reach agreement on a disputed Cure Amount.

7. Payment of the Cure Amounts shall be deemed to discharge the Debtors' obligation to: (i) cure, or provide adequate assurance that the Debtors will promptly cure, any defaults under the Assigned Contracts; and (ii) compensate, or provide adequate assurance that the Debtors will promptly compensate, any non-debtor party to the Assigned Contracts for any actual pecuniary loss resulting from any default under the Assigned Contracts. Pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall have no liabilities for any claims arising or relating to or accruing post-Closing under any of the Assigned Contracts.

8. In accordance with sections 365(b)(2) and (f) of the Bankruptcy Code, upon transfer of the Assigned Contracts to Buyer, (i) Buyer shall have all of the rights of the Debtor thereunder and each provision of such Assigned Contracts shall remain in full force and effect for the benefit of Buyer notwithstanding any provision in any such Assigned Contract or in applicable law that prohibits, restricts or limits in any way such assignment or transfer, and (ii) no Assigned Contract may be terminated, or the rights of any party modified in any respect, including pursuant to any "change of control" clause, by any other party thereto as a result of the consummation of the transactions contemplated by the APA.

9. The sale and transfer of the Assets to Buyer pursuant to the APA constitutes a legal, valid and effective transfer and shall vest Buyer with all right, title and interest of the Debtors in and to the Assets.

Page (10)
Debtor:             North Country BBQ Ventures, Inc. *et al.*
Case No.            09-44194 (MS)
Caption of Order:   Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code
                    Authorizing (I) Sale of Certain Assets of the Debtor Free and Clear of All
                    Liens, Claims and Encumbrances Pursuant to a Purchase Agreement and
                    (II) Approving the Asset Purchase Agreement

---

10. This Order and the APA shall be binding upon, and shall inure to the benefit of, the Debtors, Buyer and their respective successors and assigns, including, without limitation, any chapter 7 or chapter 11 trustee hereinafter appointed in this or any other proceeding commenced under the Bankruptcy Code by or against the Debtors.

11. This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and the APA and to resolve any issue or dispute concerning the interpretation, implementation or enforcement of this Order and the APA, or the rights and duties of the parties hereunder or thereunder, including, without limitation, any issue or dispute concerning the transfer of the Assets free and clear of Liens and Claims.

12. Upon the Debtors' receipt of the consideration set forth in Section 3.1 of the APA at the Closing, each of the creditors of the Debtors is authorized and directed to execute such documents and take all other actions as may be necessary to release its Liens and Claims against or in the Assets, if any, as such Liens and Claims may have been recorded or may otherwise exist, with the exception of those creditors holding Liens and Claims explicitly and expressly assumed by Buyer in the APA.

13. Each and every federal, state, and local governmental agency, recording office or department and all other parties, persons or entities is hereby directed to accept this Order for recordation as conclusive evidence of the free and clear and unencumbered transfer of title to the Assets conveyed to Buyer.

| | |
|---|---|
| Debtor: | North Country BBQ Ventures, Inc. *et al.* |
| Case No. | 09-44194 (MS) |
| Caption of Order: | Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code Authorizing (I) Sale of Certain Assets of the Debtor Free and Clear of All Liens, Claims and Encumbrances Pursuant to a Purchase Agreement and (II) Approving the Asset Purchase Agreement |

---

14. If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing Liens and Claims against or in the Assets shall not have delivered to the Debtors before the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens and Claims that the person or entity has with respect to the Assets or otherwise, the Debtors or Buyer is hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Assets.

15. The provisions of this Order shall be self-executing, and neither the Debtors, Buyer nor any other party shall be required to execute or file releases, termination statements, assignments, cancellations, consents or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to such sale; provided, however, that this paragraph shall not excuse such parties from performing any and all of their respective obligations under the APA. Without in any way limiting the foregoing, Buyer is empowered to execute and file releases, termination statements, assignments, consents, cancellations or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to the sale contemplated by the APA.

16. Consummation of the APA and the transactions contemplated therein and thereby does not effect a *de facto* merger or consolidation of the Debtors and Buyer, nor does it result in the continuation of the Debtors' business under Buyer's control. Buyer is not the alter ego of, a

Page (12)
Debtor: North Country BBQ Ventures, Inc. *et al.*
Case No. 09-44194 (MS)
Caption of Order: Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code Authorizing (I) Sale of Certain Assets of the Debtor Free and Clear of All Liens, Claims and Encumbrances Pursuant to a Purchase Agreement and (II) Approving the Asset Purchase Agreement

---

successor in interest to, or a continuation of the Debtors, nor is Buyer otherwise liable for the Debtors' debts and obligations, unless specifically provided for in the APA or pursuant to this Order. Except as otherwise provided in the APA, all persons and entities (and their respective successors and assigns) including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade and other creditors, holding Liens and Claims (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated) against, in or with respect to the Debtors and/or the Assets arising under or out of, in connection with, or in any way relating to, the Debtors, the Assets, the operation of the Debtor's business prior to the Closing, or the transfer of the Assets to Buyer, hereby are forever barred, estopped, and permanently enjoined from asserting such persons' or entities' Liens and Claims against Buyer and/or its affiliates, designees, assignees, successors, properties, or assets. Neither Buyer nor the Debtors are required to comply with any "bulk sales" or similar laws relating to the transfer of the Assets.

17. All entities who are presently, or who as of the Closing may be, in possession of some or all of the Assets hereby are directed to surrender possession of the Assets to Buyer as of the Closing.

18. Nothing contained in any chapter 11 plan confirmed in this case or order confirming any such plan shall conflict with or derogate from the provisions of the APA or the terms of this Order.

Case 09-44194-MS    Doc 16-6    Filed 12/21/09    Entered 12/21/09 14:13:49    Desc
Proposed Order    Page 13 of 14

Page (13)
Debtor:             North Country BBQ Ventures, Inc. *et al.*
Case No.            09-44194 (MS)
Caption of Order:   Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code
                    Authorizing (I) Sale of Certain Assets of the Debtor Free and Clear of All
                    Liens, Claims and Encumbrances Pursuant to a Purchase Agreement and
                    (II) Approving the Asset Purchase Agreement

19. The APA is not a *sub rosa* chapter 11 plan for which approval has been sought without the protections that a disclosure statement would afford, and is not in violation of creditors' voting rights.

20. Buyer shall be entitled to the protection of Section 363(m) of the Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on appeal. The purchase by Buyer of the Assets is a purchase in good faith for fair value within the meaning of section 363(m) of the Bankruptcy Code and, therefore, Buyer is entitled to the protection of section 363(m) of the Bankruptcy Code. Accordingly, the reversal, modification or appeal of the authorization provided herein to consummate the APA and sale of the Assets shall not affect the validity of the sale to Buyer, unless such authorization is duly stayed pending such appeal before the Closing.

21. The sale approved by this Order is not subject to avoidance or the imposition of costs and damages pursuant to Section 363(n) of the Bankruptcy Code. The consideration set forth in Section 3.1 of the APA to be provided by Buyer in exchange for the Assets shall be deemed to constitute reasonably equivalent value and fair consideration.

22. The APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

Page (14)
Debtor:           North Country BBQ Ventures, Inc. *et al.*
Case No.          09-44194 (MS)
Caption of Order: Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code
                  Authorizing (I) Sale of Certain Assets of the Debtor Free and Clear of All
                  Liens, Claims and Encumbrances Pursuant to a Purchase Agreement and
                  (II) Approving the Asset Purchase Agreement

---

23.  The failure to specifically include any particular provision of the APA in this Order shall not diminish or impair the efficacy of such provision, it being the intent of this Court that the APA and each and every provision, term and condition thereof be authorized and approved in their entirety.

24.  As provided by Bankruptcy Rules 6004(g), 6006(d) and 7062, this Order shall be effective and enforceable immediately upon its entry, and the sale approved by this Order may close immediately upon entry of this Order, notwithstanding any otherwise applicable waiting periods.

25.  The provisions of this Order are non-severable and mutually dependent.

26.  A true copy of this Order shall be served on all parties-in-interest by regular, first class mail within seven (7) days of the date hereof.