| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-2(c) | **FILED**<br>JAMES J. WALDRON, CLERK<br>JAN 0 8 2009<br>U.S. BANKRUPTCY COURT<br>NEWARK, N.J.<br>BY _____ DEPUTY |
| Mark S. Lichtenstein<br>**CROWELL & MORING LLP**<br>590 Madison Avenue, 20th Floor<br>New York, NY  10022<br>Telephone:  (212) 223-4000<br>Fax:  (212) 223-4134<br>mlichtenstein@crowell.com<br>Proposed Counsel for Debtors and Debtors in Possession | |
| In re:<br><br>NORTH COUNTRY BBQ VENTURES, INC., *et al.*,<br><br>Debtor in possession. | Case No.:  09-44194 (MS)<br><br>Hearing Date and Time:<br>January 8, 2010 at 2:00 p.m.<br><br>Judge:  Honorable Morris Stern |

## ORDER APPROVING BIDDING AND AUCTION PROCEDURES AND SCHEDULING MATTERS IN CONNECTION THEREWITH

The relief set forth on the following pages, numbered two (2) to seven (7), is hereby

**ORDERED.**

1/8/10

ME1 9479565v.2

Page (2)
Debtor: North Country BBQ Ventures, Inc., et al.
Case Nos.: 09-44194 (MS)
Caption of Order: Order Approving Bidding and Auction Procedures and Scheduling Matters in Connection Therewith

Upon consideration of the relief requested in the Debtors' verified application dated December 24, 2009 (the "Verified Application")[1], pursuant to sections 105, 363 and 365 of chapter 11, title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order: (i) authorizing and approving the Auction Procedures annexed to the Verified Application as Exhibit A in connection with the proposed sale of the Assets to the Buyer or a qualified bidder submitting a higher or otherwise better offer; (ii) authorizing and approving the Auction and Hearing Notice, in the form annexed to the Verified Application as Exhibit B; (iii) authorizing and approving the terms of the FD APA annexed to the Verified Application as Exhibit C, and (iv) establishing the dates, time and place of the Auction and the Sale Hearing; and the Court having considered the Verified Application and opposition to the Verified Application, if any; and the Court having further considered the arguments of counsel at the hearing on the Verified Application, if any; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (c) notice of the Verified Application and proposed form of order was served on the Debtors' Creditors by overnight mail; and the Court having determined that the legal and factual bases set forth in the Verified Application establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Verified Application is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Verified Application.

ME1 9479565v.2

Page (3)
Debtor:            North Country BBQ Ventures, Inc., *et al.*
Case Nos.:         09-44194 (MS)
Caption of Order:  Order Approving Bidding and Auction Procedures and Scheduling Matters in Connection Therewith

---

appearing therefor;

FOUND AND DETERMINED THAT:

A. The form and manner of notice of the Auction Procedures, the Auction and Hearing Notice and the Procedures Hearing shall be, and hereby are, approved as sufficient and adequate notice. No other or further notice in connection with the entry of this Order is or shall be required.

B. The Auction Procedures were proposed by the Debtors in good faith with the goal of maximizing the value of the Assets for the benefit of all creditors of the estate.

C. Approval of the Auction Procedures will facilitate an orderly sale process and will help ensure that all interested parties can participate in an open and fair process, as contemplated by Section 363 of the Bankruptcy Code.

D. The stalking horse bidder and the Debtor maintain that the stalking horse bidder has provided value in serving as the initial bidder so that a productive auction may proceed. In so serving as the initial bidder, the stalking horse bidder maintains that it has incurred and will incur certain costs in connection with entering into the FD APA, for which the stalking horse bidder is entitled to apply to the Court for reimbursement of its reasonable and actual fees, costs and expenses (the "Expense Reimbursement") in the event it is not the successful bidder at the auction in an amount not to exceed $250,000.

IT IS HEREBY ORDERED THAT:

1. The Auction Procedures annexed to the Verified Application as Exhibit A [*as modified on the record*] are hereby authorized and approved in all respects.

ME1 9479565v.2

Page (4)
Debtor:              North Country BBQ Ventures, Inc., *et al.*
Case Nos.:           09-44194 (MS)
Caption of Order:    Order Approving Bidding and Auction Procedures and Scheduling Matters in Connection Therewith

---

2. If the stalking horse bidder is not the successful bidder at the Auction, it ~~may~~ **shall be entitled to apply to** ~~apply to~~ the Court for ~~approval of the~~ **an** Expense Reimbursement consistent with the FD APA, but in any event the Expense Reimbursement **, if granted,** shall not exceed $250,000.

3. The form and sufficiency of the Assumption and Assignment Notice annexed to the Verified Application as <u>Exhibit B</u> **as modified on the record** are hereby approved, and the procedures contained in the Verified Application and in the Auction Procedures related to assumption and assignment of executory contracts and unexpired leases are approved.

4. The form and sufficiency of the Auction and Hearing Notice annexed to the Verified Application as <u>Exhibit C</u> **as modified on the record** are hereby approved, and the Debtors are directed to serve a copy of the Auction and Hearing Notice on the Notice Parties within three business days of entry of this Order.

5. The Sale Motion shall be filed and served on all creditors and parties in interest by regular mail within three business days of entry of this Order.

6. Objections, if any, to the relief requested in the Sale Motion (other than objections to Cure Amounts, which shall be filed and served as provided below) and any filed supplements thereto, including objections relating to the assumption and assignment of executory contracts and unexpired leases and/or a sale of the Assets, shall: (i) be in writing; (ii) set forth the name of the objecting party; (iii) specify with particularity the basis of the objection; and (iv) be filed with the Court and simultaneously served upon each of the following so as to be actually received on or before 4:00 p.m. on February 9, 2010 (the "<u>Objection Deadline</u>"): (a) Debtors' counsel, Crowell & Moring LLP, 590 Madison Avenue, New York, New York 10022, Attn:

ME1 9479565v.2

Page (5)
Debtor:            North Country BBQ Ventures, Inc., *et al.*
Case Nos.:         09-44194 (MS)
Caption of Order:  Order Approving Bidding and Auction Procedures and Scheduling Matters in Connection Therewith

---

Mark S. Lichtenstein, Esq.; (b) Counsel to the Buyer, Maslon, Edelman, Borman & Brand, 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, Minnesota 55402-4140, Attn: Amy J. Swedberg; (c) Counsel to Wells Fargo, Sidley Austin LLP, 555 W. Fifth St., Suite 4000, Los Angeles, CA 90013, Attn: Jennifer Hagle, Esq.; and (d) the Office of the United States Trustee, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Mitchell Hausman, Esq. (collectively, the "Objection Service List Parties").

7. The Court shall conduct the Sale Hearing on February 11, 2010, at 10:00 a.m. to consider the relief requested in the Sale Motion (as defined in the Verified Application) to confirm and approve the sale of the Assets pursuant to sections 105, 363, 365 and 1146 of the Bankruptcy Code.

8. Objections (if any) to the Cure Amounts set forth in the Cure Exhibit (to be filed within fourteen days of the date of this Order), shall (i) be in writing; (ii) specify with particularity the basis of the objection and the Cure Amount allegedly due and owing such party; (iii) be accompanied by appropriate supporting documentation demonstrating the calculation of the Cure Amount, as claimed; and (iv) be filed with the Court and simultaneously served upon the following parties so as to be actually received by 4:00 p.m. on February 9, 2010: (a) Debtors' counsel, Crowell & Moring LLP, 590 Madison Avenue, 20th Floor, New York, New York 10022-2524, Attn: Mark S. Lichtenstein, Esq.; and (b) counsel to the Buyer, Maslon, Edelman, Borman & Brand, 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, Minnesota 55402-4140, Attn: Amy J. Swedberg; (c) Counsel to Wells Fargo, Sidley Austin LLP, 555 W. Fifth St., Suite 4000, Los Angeles, CA 90013, Attn: Jennifer Hagle, Esq.; and (d) the Office of

ME1 9479565v.2

Page (6)
Debtor:            North Country BBQ Ventures, Inc., *et al.*
Case Nos.:         09-44194 (MS)
Caption of Order:  Order Approving Bidding and Auction Procedures and Scheduling Matters in Connection Therewith

---

the United States Trustee, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Mitchell Hausman, Esq.

9. Unless objections to the Cure Amounts are timely filed and served, all non-Debtor parties to the assigned contracts or leases shall be deemed to have consented to the Cure Amounts set forth in the Executory Contract Exhibit and be forever barred from asserting against the Debtors or the Buyer (or the Successful Bidder) any other claim arising from the applicable assigned contract or lease. The failure of any third party to file and serve an objection as ordered and directed herein shall be deemed the consent of such party to the granting of the Verified Application and the sale and transfer of the Assets (including the assumption and assignment of executory contracts and unexpired leases, including applicable Cure Amounts and adequate assurance of future performance, to the Buyer or Successful Bidder, as applicable).

10. If an objection relates only to the Cure Amount of an assigned executory contract or unexpired lease, such contract or lease may be assumed by the Debtors and assigned to the Buyer or the Successful Bidder as applicable; provided, however, that the amount asserted by the objecting party as the proper Cure Amount, or a different amount set by this Court, shall be held in escrow pending further order of this Court or mutual agreement of the parties as to the proper Cure Amount for such assigned contract or lease.

11. The Debtors are hereby authorized to settle, compromise, or otherwise resolve any disputed Cure Amounts prior to the Sale Hearing with the relevant non-Debtor party to any assigned contract or lease without Court approval, provided that the Debtors obtain the consent of the Successful Bidder(s) (if such resolution occurs after the Auction), and provided that the

ME1 9479565v.2

Page (7)
Debtor: North Country BBQ Ventures, Inc., *et al.*
Case Nos.: 09-44194 (MS)
Caption of Order: Order Approving Bidding and Auction Procedures and Scheduling Matters in Connection Therewith

---

Debtors must promptly provide Wells Fargo and other parties in interest notice and an opportunity to object to such proposed resolution.

12. The Court shall address unresolved objections, if any, to the Cure Amounts at the Sale Hearing.

13. The Auction Procedures are fair and reasonable, are reasonably calculated to produce the best and highest offers for the Assets, and will confer actual benefits upon the Debtors' estates. The Auction Procedures represent an exercise of the Debtors' sound business judgment and will facilitate an orderly sale process.

14. Nothing herein shall impair the rights of any parties-in-interest to object to the sale and transfer of the Assets and any such objections shall be heard at the Sale Hearing.

15. This Court retains jurisdiction to: (i) the interpret, implement and enforce the terms and provisions of this Order; (ii) enter Orders in aid or furtherance of this Order; (iii) adjudicate any and all remaining issues concerning the Debtor's right and authority to assume and assign executory contracts and unexpired leases and sell the Assets, including to approve the sale of the Assets at the Sale Hearing; and (iv) adjudicate any and all issues and/or disputes, if any, regarding the "cure" payments to be made pursuant to section 365(b) of the Bankruptcy Code.

16. The requirement pursuant to D.N.J. LBR 9013-2 for the filing of a memorandum of law is waived.

ME1 9479565v.2